UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY BRADLEY,

                Petitioner,                Case Number 08-13560

v.                                            Honorable Thomas L. Ludington

JEFFREY WOODS,

                Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO REINSTATE
HABEAS PETITION, AMENDING CAPTION, DIRECTING CLERK SERVE
PETITION UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY
GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER AND THE
RULE 5 MATERIALS IN THIS CASE**

      Petitioner Anthony Bradley, presently confined at the Marquette Correctional Facility, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his convictions for first-degree felony murder, armed robbery, and possession of a firearm in the commission of a felony.[1] On September 24, 2008, this Court entered an opinion and order granting Petitioner's motion to hold his habeas petition in abeyance pending the completion of state post-conviction proceedings by Petitioner. The Court also administratively closed the case.

      Petitioner has now filed a motion to lift the order holding the habeas corpus petition in abeyance. For the reasons stated below, the motion is **GRANTED**. The Court will also amend the caption to reflect the name of Petitioner's current warden, Jeffrey Woods. The State of Michigan is further ordered to file a responsive pleading to the petition and the Rule 5 materials within one

---

[1] At the time that Petitioner filed his petition for writ of habeas corpus, petitioner was incarcerated at the Chippewa Correctional Facility. Petitioner has since been transferred to the Marquette Correctional Facility. The Court obtained Petitioner's new location from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

hundred and eighty (180) days of the Court's order.

I

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner has exhausted his claims before the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reinstated.

The Court will also order that the caption in this case be amended to reflect that the proper respondent in this case is now Jeffrey Woods, the warden of Kinross Correctional Facility in Kincheloe, Michigan, where Petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006)(citing *Hogan v. Hanks,* 97 F.3d 189, 190 (7th Cir. 1996); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court will also direct the Clerk of the Court serve a copy of Petition for Writ of Habeas Corpus filed August 18, 2008 [This Court's Dkt. Entry # 1] and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, *2 (E.D. Mich. August 2, 2005).

The Court will also order Respondent to file a response to the habeas petition within one hundred and eighty days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order Respondent to provide this Court with the Rule 5 materials at the

time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon a petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will permit Petitioner to file a reply brief to Respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, *4 (E.D. Mich. August 1, 2005).

II

Based on the foregoing, the petition for a writ of habeas corpus is reinstated to the Court's active docket**.**

Accordingly, it is **ORDERED** that Petitioner's motion to reopen case and reinstate petition [Dkt. # 6] is **GRANTED**.

It is further **ORDERED** that the caption of the case is **AMENDED** to reflect that the respondent is now Jeffrey Woods.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to serve a copy of the petition for writ of habeas corpus filed on August 18, 2008 [Dkt. # 1] and a copy of this Order on Respondent and the Attorney General by first class mail.

It is further **ORDERED** that Respondent shall file an answer and produce the entire state court record on or before **September 23, 2009** or show cause why they are unable to comply with the order.

It is further **ORDERED** that petitioner may file a reply brief on or before **November 16, 2009**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: March 24, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2009.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---